IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-6711 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS KEVIN GOMEZ (Star No. 9909), ANDRIUS TKACHUK (Star No. 17034), PATRYK URBANEK (Star No. 17284), and ALEJANDRO CABRAL (Star No. 1286), | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, PHILLIP ROBINSON ("Plaintiff" or "Plaintiff Robinson"), by and through his attorneys, Barney & Hourihane, LLP, and complaining of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS KEVIN GOMEZ (Star No. 9909), ANDRIUS TKACHUK (Star No. 17034), PATRYK URBANEK, (Star No. 17284), and ALEJANDRO CABRAL (Star No. 1286) (referred to herein collectively as "Defendant Officers"), states as follows:[1]

## **INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff has obtained written consent from Defendants to file this amended complaint.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction powers pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

4. Plaintiff currently resides in Chicago, Illinois, within the Northern District of Illinois, Eastern Division.

5. On information and belief, Defendant Officers Gomez, Tkachuk, and Cabral are, and were at all times complained of herein, employed by the City of Chicago as police officers.

6. On information and belief, Defendant Officer Urbanek was at all times complained of herein employed by the City of Chicago as a police officer, and has since retired.

7. The City of Chicago is a duly incorporated municipal corporation within the Northern District of Illinois, and was the employer and principal of Defendant Officers at the time of the events complained of herein.

8. At all times material to this Amended Complaint, Defendant Officers were acting within the scope of their employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Chicago.

**BACKGROUND**

9. On or about August 29, 2020, Plaintiff was driving a vehicle in the vicinity of 540 E. 80th St. in Chicago, Illinois, sometime in the late evening hours.

10. Plaintiff, Plaintiff's friend Shakira Harris, and Ms. Harris's daughter were inside Plaintiff's vehicle.

11. While driving on the 500 block of East 80th Street, Plaintiff pulled over to drop off Ms. Harris and her daughter at their home.

12. Plaintiff's vehicle remained running with its headlights on.

13. As Plaintiff was pulled over, Defendants Tkachuk, Urbanek, and Gomez drove their unmarked police vehicle the wrong way down the 500 block of East 80th Street, a one-way street, with their vehicle's headlights off.

14. Defendants Tkachuk, Urbanek, and Gomez parked their vehicle in the middle of the street, blocking Plaintiff's exit, and approached Plaintiff's vehicle.

15. Defendants Tkachuk, Urbanek, and Gomez stated that the car Plaintiff was driving had been reported as stolen and asked for Plaintiff's driver's license and registration.

16. Plaintiff provided Defendants Tkachuk, Urbanek, and Gomez his driver's license and the registration for the vehicle.

17. Plaintiff informed Defendants Tkachuk, Urbanek, and Gomez that the car belonged to his brother and that he had permission to drive it.

18. Defendants Tkachuk, Urbanek, and Gomez then asked Plaintiff whether he had any weapons in the vehicle.

19. Plaintiff responded that he had two handguns in his vehicle, and informed Defendants Tkachuk, Urbanek, and Gomez that he had a valid Firearm Owners Identification ("FOID") card and valid Conceal and Carry License ("CCL").

20. At the time of the incident described herein, Plaintiff did, in fact, hold a valid FOID card and valid CCL.

21. Without cause or legal justification, Defendants Tkachuk, Urbanek, and Gomez ordered Plaintiff to exit his vehicle.

22. Plaintiff complied and exited the vehicle.

23. Immediately after exiting, Defendants Tkachuk, Urbanek, and Gomez handcuffed Plaintiff.

24. Plaintiff allowed Defendants Tkachuk, Urbanek, and Gomez to retrieve his FOID card and CCL from his wallet, which they did.

25. Defendants Tkachuk, Urbanek, and Gomez then asked Plaintiff where the firearms were located in the vehicle.

26. Plaintiff told them the exact location of each firearm.

27. At some point after the initial questioning of Plaintiff, additional police officers arrived on scene, including Defendant Cabral, a supervisor.

28. Defendant Officers searched Plaintiff's vehicle.

29. Defendant Officers did not have Plaintiff's consent or any other legal justification for searching the vehicle.

30. Defendant Officers seized the firearms found in Plaintiff's vehicle, along with the ammunition in those firearms, and placed them in the back seat of a

police car.

31. Defendant Officers were aware that Plaintiff held a valid FOID card and CCL at the time the firearms were seized.

32. Despite that Plaintiff had committed no crimes, Defendant Officers arrested Plaintiff.

33. Defendant Officers charged and caused Plaintiff to be charged with possession of armor piercing bullets, reckless conduct, and violating the Conceal and Carry Act, under Illinois statutes 720 ILCS 5/24-3.2(c), 720 ILCS 5/12-5(a), and 430 ILCS 66/70(e).

34. Plaintiff was charged with these criminal offenses under Cook County municipal case number 20111859201.

35. The criminal charges against Plaintiff were without probable cause.

36. Defendant Officers knew that the charges lodged against Plaintiff were false and not supported by probable cause.

37. Defendant Officers caused Plaintiff to be charged with these criminal offenses by fabricating evidence, including drafting false police reports.

38. The evidence fabricated by Defendant Officers was provided to the Cook County State's Attorney's Office in an effort to have Plaintiff falsely prosecuted for these criminal offenses.

39. The fabricated evidence provided by Defendant Officers caused Plaintiff to be charged with the above identified criminal offenses, including the felony offense of being in possession of armor piercing ammunition.

40. In addition, at the time Defendant Officers drafted and signed or caused to be signed the criminal complaint against Plaintiff, Defendant Officers knew that the complaint contained false information, namely, that the complaint falsely stated that Plaintiff was in possession of illegal ammunition, had violated the Conceal and Carry Act, and committed reckless conduct.

41. Plaintiff was held in custody until he was brought before a judge for a bond hearing on August 30, 2020.

42. Plaintiff was given a deposit bond of $1,000, requiring him to post $100 in order to be release from custody.

43. On August 30, 2020, Plaintiff was released from custody after posting bond.

44. While on bond, and due to the pending criminal charges identified above, Plaintiff's FOID card and CCL were revoked, and Plaintiff was forced to turn over the remainder of his firearms to the Bureau of Alcohol, Tobacco, Firearms and Explosives.

45. On December 18, 2020, the criminal charges against Plaintiff were dismissed.

## COUNT 1
### 42 U.S.C. § 1983 Claim: Illegal Seizure (Fourth Amendment)
### (Plaintiff against Defendant Officers)

46. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

47. Defendant Officers seized Plaintiff in that Plaintiff's freedom of

movement was restrained by Defendant Officers' use of physical force and show of authority.

48. Due to Defendant Officers' actions, Plaintiff was not free to terminate the encounter with Defendant Officers.

49. Defendant Officers' actions interfering with Plaintiff's freedom of movement were done without probable cause, reasonable suspicion, or any other legal justification.

50. Defendant Officers' seizure of Plaintiff violated Plaintiff's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendant Officers' actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiff's rights as secured by the Fourth Amendment to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

52. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries as a result of those actions, including pain, suffering, emotional distress, mental anguish, humiliation, degradation, loss of liberty, and loss of property.

### COUNT 2
**42 U.S.C. § 1983 Claim: Unlawful Pre-Trial Detention (Fourth Amendment)**
**(Plaintiff against Defendant Officers)**

53. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

7

54. In the manner described more fully above, Defendant Officers accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent, in violation of his rights secured by the Fourth and Fourteenth Amendments.

55. In so doing, Defendant Officers caused Plaintiff to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

56. The misconduct described in this Count was objectively unreasonable, willful, wanton, malicious, and undertaken with reckless indifference to Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

57. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries as a result of those actions, including pain, suffering, emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

### COUNT 3
### 42 U.S.C. § 1983 Claim: Deprivation of Second Amendment Rights
### (Plaintiff against Defendant Officers)

58. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

59. In the manner described above, the conduct of Defendant Officers deprived Plaintiff of his right to keep and bear arms, as guaranteed by the Second Amendment to the United States Constitution.

60. Specifically, without any lawful justification, Defendant Officers deprived Plaintiff of possession and use of the firearms that were in Plaintiff's possession at the time of his arrest.

61. The misconduct described in this Count was objectively unreasonable, willful, wanton, malicious, and undertaken with reckless indifference to Plaintiff's rights as secured by the Second Amendment to the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

62. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries as a result of those actions, including pain, suffering, emotional distress, mental anguish, humiliation, degradation, loss of liberty, and loss of property.

## COUNT 4
### 42 U.S.C. § 1983 Claim: Conspiracy to Deprive Constitutional Rights
### (Plaintiff against Defendant Officers)

63. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

64. In the manner described more fully above, Defendant Officers, individually, jointly, and each in conspiracy with one or more persons, known and unknown, reached an agreement among themselves to fabricate evidence and to

detain and prosecute Plaintiff for the crimes outlined above, regardless of Plaintiff's guilt or innocence, and thereby to deprive him of his constitutional rights.

65. Defendant Officers further agreed, individually, jointly, and each in conspiracy with one or more persons, known and unknown, to deprive Plaintiff of one or more lawfully owned firearms, and thereby to deprive him of his constitutional rights.

66. In so doing, these co-conspirators agreed to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights.

67. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

68. The misconduct described in this Count was objectively unreasonable, willful, wanton, malicious, and undertaken with reckless indifference to Plaintiff's rights as secured by the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

69. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries as a result of those actions, including pain, suffering, emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

## COUNT 5
### 42 U.S.C. § 1983 Claim: Failure to Intervene
### (Plaintiff against Defendant Officers)

70. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

71. In the manner described above, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the duty and the opportunity to do so.

72. The misconduct described in this Count was objectively unreasonable, willful, wanton, malicious, and undertaken with reckless indifference to Plaintiff's rights as secured by the United States Constitution, and hence in violation of 42 U.S.C. § 1983.

73. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Plaintiff suffered injuries as a result of those actions, including pain, suffering, emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

## COUNT 6
### Illinois State Law Claim: Malicious Prosecution
### (Plaintiff against Defendant Officers)

74. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

75. As described more fully above, Defendant Officers commenced, caused

11

to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendant Officers knew there was no probable cause.

76. The criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence.

77. Defendant Officers' actions were undertaken intentionally, with malice, and with reckless indifference to the rights of Plaintiff.

78. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

79. Statements and reports of Defendant Officers regarding Plaintiff's alleged criminal culpability were made with knowledge that the statements were false.

80. As a result of Defendant Officers' malicious prosecution, Plaintiff has suffered, as a direct and proximate cause, injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

### ***Respondeat Superior***

81. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

82. In committing the acts alleged in the preceding paragraphs, Defendant Officers were acting as a members and agents of the City of Chicago, and acting at

...

all relevant times within the scope of their employment as Chicago Police Officers.

83. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### Indemnification

84. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

85. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

86. Defendant Officers are employees of the City of Chicago and were acting within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, PHILLIP ROBINSON, respectfully requests that this Honorable Court enter judgment in HIS favor and against Defendants, CITY OF CHICAGO, DEFENDANT OFFICER TKACHUK, DEFENDANT OFFICER URBANEK, DEFENDANT OFFICER GOMEZ, and DEFENDANT OFFICER CABRAL, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

### Jury Demand

Plaintiff, PHILLIP ROBINSON, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

*s/ Ian M. Barney*
IAN M. BARNEY
Barney & Hourihane, LLP
874 Green Bay Road, Suite 320
Winnetka, Illinois 60093
Tel: 312-854-0906
E: ian@barneyhourihane.com

*Counsel for Plaintiff*

14